IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI WORKMAN, OR-8566, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 2:15-CV-510 |
| | ) | |
| COMMONWWEALTH OF PENNSYLVANIA, | ) ) | |
|     Respondent. | ) | |

MEMORANDUM and ORDER

    Lori Workman an inmate at the State Correctional Institution at Cambridge Springs has presented a petition for a writ of habeas corpus which she has been granted leave to prosecute in forma pauperis. In her petition, Workman seeks to challenge her conviction by a jury of third degree murder at No. CP-26-CR-1014-2008 in the Court of Common Pleas of Fayette County, Pennsylvania. On August 11, 2011 she was sentenced to a twenty to forty year period of incarceration.[1] An appeal was taken to the Superior Court which affirmed the judgment of sentence on March 9, 2012 and allowance of appeal to the Pennsylvania Supreme Court was denied on October 5, 2012.[2] No further relief was sought.[3]

    It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] See: Petition at ¶¶ 1-6.
[2] See: https://ujsportal.pacourts.us at appellate docket No. 1356 WDA 2011.
[3] See: Id at Common Pleas docket No. CP-26-CR-1014-2009 and petition at ¶10.

1

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner was sentenced on August 11, 2011, the judgment of sentence was affirmed on March 9, 2012, and leave to appeal to the Pennsylvania Supreme Court was denied on October 12, 2012. Certiorari was not sought and as a result her conviction became final on January 3, 2013. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). Post-conviction relief was not sought. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The instant petition was received by the Court on April 17, 2015 or over two years after her conviction became final. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling exists. Day v. McDonough, 547 U.S. 198 (2006); United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc).

Accordingly, the petitioner will be directed to show cause, if any, why the instant petition should not be dismissed as time barred.

An appropriate Order will be entered.

ORDER

AND NOW, this 29th day of May 2015, for the reasons set forth in the foregoing Memorandum, it is Ordered that on or before June 19, 2015, the petition show cause, if any, why the instant petition should not be dismissed as time barred.

s/ Robert C. Mitchell<br>United States Magistrate Judge