IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI WORKMAN, OR-8566,<br>    Petitioner,<br><br>        v.<br><br>COMMONWWEALTH OF<br>PENNSYLVANIA,<br>    Respondent. | 2:15-CV-510 |

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Lori Workman for a writ of habeas corpus be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exits, that a certificate of appealability be denied.

II.  Report:

Lori Workman an inmate at the State Correctional Institution at Cambridge Springs has presented a petition for a writ of habeas corpus which she has been granted leave to prosecute in forma pauperis. In her petition, Workman seeks to challenge her conviction by a jury of third degree murder at No. CP-26-CR-1014-2008 in the Court of Common Pleas of Fayette County, Pennsylvania. On August 11, 2011 she was sentenced to a twenty to forty year period of incarceration.[1] An appeal was taken to the Superior Court which affirmed the judgment of sentence on March 9, 2012 and allowance of appeal to the Pennsylvania Supreme Court was denied on October 5, 2012.[2] No further relief was sought.[3]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[1] See: Petition at ¶¶ 1-6.
[2] See: https://ujsportal.pacourts.us at appellate docket No. 1356 WDA 2011.
[3] See: Id at Common Pleas docket No. CP-26-CR-1014-2009 and petition at ¶10.

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner was sentenced on August 11, 2011, the judgment of sentence was affirmed on March 9, 2012, and leave to appeal to the Pennsylvania Supreme Court was denied on October 12, 2012. Certiorari was not sought and as a result her conviction became final on January 3, 2013. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). Post-conviction relief was not sought. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The instant petition was received by the Court on April 17, 2015 or over two years after her conviction became final. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling exists. Day v. McDonough, 547 U.S. 198 (2006); United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc).

For this reason, on May 29, 2015, the petitioner was directed to show cause on or before June 19, 2015 as to why the instant petition should not be dismissed as time barred. Despite the expiration of that time period, no such showing has been forthcoming and accordingly it is recommended that the petition be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to

United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: July 22, 2015					Respectfully submitted,
							s/ Robert C. Mitchell
							United States Magistrate Judge